O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VIKKI HORCHAR, | ) | NO. EDCV 13-1582-MAN |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Plaintiff filed a Complaint on September 13, 2013, seeking review of the denial of plaintiff's application for supplemental security income ("SSI"). On November 5, 2013, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The parties filed a Joint Stipulation on May 9, 2014, in which: plaintiff seeks an order reversing the Commissioner's decision and remanding this case for the payment of benefits or, alternatively, for further administrative proceedings; and the Commissioner requests that her decision be affirmed or, alternatively, remanded for further administrative proceedings. The Court has taken the parties' Joint Stipulation under submission without oral argument.

///

///

///

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

Plaintiff filed an application for SSI on December 15, 2009. (Administrative Record ("A.R.") 15.)  Plaintiff, who was born on August 6, 1968,[1] claims to have been disabled since July 31, 2009 (A.R. 15), due to chronic obstructive pulmonary disease ("COPD"), carpal tunnel syndrome, anxiety, depression, suicidal ideation, auditory hallucinations, and high blood pressure (A.R. 93, 98).  Plaintiff has past relevant work experience as a stock clerk, nurse assistant, general/office clerk, case aide, and an administrative clerk.  (A.R. 28-29.)

After the Commissioner denied plaintiff's claim initially and upon reconsideration, plaintiff requested a hearing.  (A.R. 15.)  On June 20, 2011, plaintiff, who was not represented by an attorney, appeared and testified at a hearing before Administrative Law Judge Michael D. Radensky (the "ALJ").  (*Id.*)  Vocational expert Troy Scott and plaintiff's husband William Kiehlmeier also appeared, but they did not testify.  (*Id.*)  On October 11, 2011, plaintiff, who again was not represented by an attorney, appeared and testified at a supplemental hearing before the ALJ.  (*Id.*)  Vocational expert David A. Rinehart, medical experts Samuel Landau, M.D. and David M. Glassmire, Ph.D., and Mr. Kiehlmeier all testified.  (*Id.*)  On October 26, 2011, the ALJ denied plaintiff's claim (A.R. 15-31), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-3).  That decision is now at issue in this action.

**SUMMARY OF ADMINISTRATIVE DECISION**

In his October 26, 2011 decision, the ALJ found that plaintiff has not engaged in substantial gainful activity since December 15, 2009, the application date.  (A.R. 17.)  The ALJ determined that plaintiff has the severe impairments of a "history of bilateral carpal tunnel

---

[1] On the date the application was filed, plaintiff was 41 years old, which is defined as a younger individual.  (A.R. 29; citing 20 C.F.R. § 416.963.)

syndrome releases, obesity, schizophrenic disorder, and borderline personality traits." (*Id.*) The ALJ concluded, however, that plaintiff does not have an impairment or combination of impairments that meets or medically equals the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, 416.926). (*Id.*)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform a range of light work, as defined in 20 C.F.R. §§ 416.967(b) and SSR 83-10, as follows:

> she can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand, sit, and/or walk for six hours out of an eight-hour workday with regular breaks; she should avoid forceful gripping or grasping, but she is otherwise not restricted in fine or gross manipulation; her work environment should include air conditioning and should be free of excessive inhaled pollutants; she can engage in simple, repetitive tasks, but should avoid fast paced work and tasks requiring hypervigilance; she should have no interaction with the public; and she should have only non-intense interaction with co-workers and supervisors.

(A.R. 18-19.) In making this finding, the ALJ considered the subjective symptom testimony of plaintiff, which the ALJ found was not entirely credible, as well as the medical evidence and opinions of record. The ALJ gave "significant weight" to the opinion of the non-examining medical expert Samuel Landau, M.D. and "great weight" to the opinion of consultative examiner Jeff Sao, M.D. (A.R. 23-24.)

Based on plaintiff's age, education,[2] work experience, and RFC, as well as the testimony of the vocational expert, the ALJ determined that plaintiff could not return to her past relevant

---

[2] The ALJ determined that plaintiff "has at least a high school education and is able to communicate in English." (A.R. 29.)

work, but plaintiff could perform "jobs that exist in significant numbers in the national economy," including those of "electronics worker," "shoe packer," and "addresser." (A.R. 29-30.) Accordingly, the ALJ concluded that plaintiff "has not been under a disability, as defined in the Social Security Act, since December 15, 2009, the date the application was filed. (A.R. 30.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; see also Connett,

4

340 F.3d at 874.  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch, 400 F.3d at 679.

## DISCUSSION

Although presented as one issue, plaintiff asserts three sources of error.  First, plaintiff claims that the ALJ did not consider properly the findings of her consultative examiner, Dr. Sao.  (Joint Stipulation ("Joint Stip.") at 3.)  Second, plaintiff claims that the ALJ failed to provide an RFC that properly included all of plaintiff's limitations.  (Id.)  Third, plaintiff claims that the ALJ failed to provide a complete hypothetical to the vocational expert.  (Id.)

### I. **The ALJ Did Not Consider The Opinion Of Dr. Sao Properly And Needs To Revist His RFC Assessment And Determination That Plaintiff Can Perform Other Work.**

#### A. Legal Standard

An ALJ is obligated to take into account all medical opinions of record.  20 C.F.R. § 416.927(d).  It is the responsibility of the ALJ to resolve conflicts in medical testimony and analyze evidence.  Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).  In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's."  Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); see also 20 C.F.R. § 416.927(d).

The opinions of treating physicians are entitled to the greatest weight, because the treating physician is hired to cure and has a better opportunity to know and observe the claimant. Magallanes, 881 F.2d at 751. When a treating or examining physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). When contradicted by another doctor, a treating or examining physician's opinion may only be rejected if the ALJ provides "specific and legitimate" reasons supported by substantial evidence in the record. *Id.*; *see also* Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008); Orn, 495 F.3d at 632.

"The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of . . . a treating physician." Lester, 81 F.3d at 831; *see* Pitzer v. Sullivan, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (finding that the nonexamining physician's opinion "with nothing more" did not constitute substantial evidence). However, "[w]here the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence." Andrews, 53 F.3d at 1041. Independent clinical findings include "(1) diagnoses that differ from those offered by another physician and that are supported by substantial evidence, or (2) findings based on objective medical tests that the treating physician has not herself considered." Orn, 495 F.3d at 632 (internal citations omitted).

In determining a claimant's RFC, an ALJ will consider all the relevant evidence in the record. 20 C.F.R. § 416.945(a)(1). In so doing, the ALJ will consider all claimant's medically determinable impairments, including those that are not "severe." 20 C.F.R. § 416.945(a)(2). The ALJ also will consider "any statement about what [the claimant] can still do that have been provided by medical sources." 20 C.F.R. § 416.945(a)(3).

///
///

In his decision, the ALJ summarized the functional assessment by consultative internist Dr. Sao as follows:

> Dr. Sao opined [plaintiff] could lift and carry no more than 20 pounds occasionally and 10 pounds frequently and there were no restrictions on walking, standing, sitting, hearing, or seeing . . . . He indicated [plaintiff] should avoid the following: pushing and pulling secondary to her crepitus or degenerative joint disease o[f] the thumb; climbing, balancing, kneeling and crawling as these will require the use of her thumbs; climbing ladders and working at heights due to her thumb problems; . . . and toxic fumes, extreme heat, and cold temperatures secondary to her COPD history. He also concluded [plaintiff] can use both hands for gross manipulation, but she should try to avoid repetitive fine fingering manipulation particularly involving the thumb given that she has crepitus and most likely degenerative joint disease in both thumbs.

(A.R. 24; internal citations omitted.)  The ALJ afforded Dr. Sao's opinion "significant weight," because "Dr. Sao's opinion is internally consistent with the minimal medical findings and because he has program knowledge."  *Id.*

Notwithstanding the fact that the ALJ purported to give the opinion of Dr. Sao "significant weight," the ALJ did not include all the limitations/restrictions opined by Dr. Sao.  For example, the ALJ did not find that plaintiff has crepitus and/or degenerative joint disease of the thumbs, and he did not include the restrictions that plaintiff should avoid pushing, pulling, climbing, balancing, kneeling, crawling, working at heights, and repetitive fine fingering manipulation. Further, the ALJ failed to provide *any* reason, let alone an appropriate reason, for rejecting the

opinion of Dr. Sao on this significant matter.  This constitutes error.[3]

Moreover, the ALJ's error is not harmless.  The Commissioner contends that any error committed by the ALJ is harmless, because plaintiff would still be able to perform the job of shoe packer, which was one of the three jobs identified by the vocational expert at the administrative hearing as jobs that plaintiff could perform.[4]  (Joint Stip. at 10.)  The Commissioner contends that the "position of shoe packer is [a] light, unskilled occupation, which requires packing and inspecting shoes . . . , but no pushing, pul[l]ing, fingering, climbing, balancing, kneeling, or crawling."  (Id.) While the Commissioner is correct that the job of shoe packer does not require that plaintiff finger, climb, balance, kneel, crawl, or work at heights, the position does not specifically exclude pushing and pulling.  DOT 920.687-166.  Indeed, as pointed out by the Commissioner, "the general definition of light work encompasses pushing and pulling."  (Joint Stip. at 10 n.1.)  Moreover, the job requires "significant" handling, which is defined as "[u]sing body members, handtools, and/or special devices to work, move, or carry objects or materials." DOT 920.687-166.  Accordingly, because the ALJ failed to provide appropriate reasons for excluding Dr. Sao's opinion regarding plaintiff's restrictions, and these restrictions could impact plaintiff's ability to perform other work, the ALJ's error is not harmless, and reversal and remand are appropriate.

///
///
///
///

---

[3] While the Commissioner now offers other reasons to explain the ALJ's rejection of the opinion of Dr. Sao, the Court cannot entertain these post hoc rationalizations. See, e.g., Orn, 495 F.3d at 630 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); Connett, 340 F.3d at 874 (finding that "[i]t was error for the district court to affirm the ALJ's . . . decision based on evidence that the ALJ did not discuss").

[4] The Commissioner does not contend that the ALJ's error would be harmless with respect to the other two jobs identified by the vocational expert.

## II. **<u>Remand Is Required</u>**.

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1179-81.

As indicated above, the Court has found that reversible error occurred. Because outstanding issues must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. On remand, the ALJ must give the opinion of Dr. Sao its deserved weight or give appropriate reasons for not doing so. In so doing, the ALJ may need to reassess the limitations included in plaintiff's RFC, in which case a vocational expert may be necessary to determine what work, if any, plaintiff can perform with such additional limitations.

///
///
///
///
///
////
///
///

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: June 6, 2014

*Margaret A. Nagle*
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE